UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I. CASTANEDA, et al.,<br><br>　　　　Defendants. | CASE NO. 1:15-cv-01801- MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF Nos. 16, 25)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On August 8, 2016, the Court dismissed Plaintiff's first amended complaint in its entirety. (ECF No. 16.) Some claims and defendants were dismissed without leave to amend for failure to state a cognizable claim. Otther claims were found to be cognizable but nonetheless were dismissed with leave to amend to cure noted defects. Plaintiff was ordered to file an amended complaint within thirty days.

Plaintiff proceeded to file four motions for extension of time. (ECF Nos. 17, 19, 21,

24.) The motions were granted. In the most recent court order, filed February 7, 2017, the Court granted Plaintiff an additional sixty days in which to file an amended complaint or notify the Court of his willingness to proceed on the claims previously found cognizable. (ECF No. 25.) The Court warned Plaintiff that further extensions of time were unlikely. (ECF No. 25.) The sixty day deadline passed without Plaintiff either filing an amended complaint, stating his willingness to proceed only on cognizable claims, or seeking an extension of time.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall file either:
    a. File an amended complaint or notice or notify the Court of his willingness to proceed only on the cognizable claims, or
    b. Show cause as to why this action should not be dismissed with prejudice for failure to prosecute and failure to comply with the

Court's order; and

2. If Plaintiff fails to comply with this order, the undersigned will dismiss the action with prejudice.

IT IS SO ORDERED.

Dated: April 20, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE