UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON,<br><br>        Plaintiff,<br><br>    v.<br><br>I. CASTANEDA, et al.,<br><br>        Defendants. | CASE No. 1:15-cv-01801-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 16)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 10.) No other parties have appeared in the action.

Plaintiff initiated this action on November 30, 2015. (ECF No. 1.) On August 8, 2016, the assigned District Judge screened Plaintiff's amended complaint and concluded that it stated cognizable Eighth Amendment excessive force claims against Defendants Castaneda, Press, and Sanchez. Plaintiff's other claims were dismissed for failure to state a cognizable claim – some with leave to amend and some without leave to amend. The Court also dismissed certain defendants without leave to amend. (ECF No. 16.) The complaint itself was dismissed and Plaintiff was granted thirty (30) days to file a second

1 | amended complaint. (Id.)

2 | Plaintiff proceeded to file four motions for extension of time to file a second amended complaint. (ECF Nos. 17, 19, 21, 24.) The motions were granted, but in granting the fourth motion, filed January 30, 2017 (ECF No. 24), the Court warned Plaintiff that further extensions of time were unlikely. (ECF No. 25.) Plaintiff was ordered to file an amended complaint but also was given the option of notifying the Court of his willingness to proceed only on the claims previously found cognizable. (Id.)

Plaintiff then failed to timely file a second amended complaint, notify the Court of his willingness to proceed only on the cognizable claims or otherwise respond to the Court's order. (Id.) Accordingly, on April 20, 2017, the Court issued an order to show cause for failure to obey a court order and failure to prosecute. (ECF No. 26.) Plaintiff then filed a fifth motion for extension of time on May 11, 2017. (ECF No. 27.) The Court denied the motion and ordered Plaintiff, within twenty-one days, to either file an amended complaint or advise the Court whether he wishes to proceed on the excessive force claim previously found cognizable. (ECF No. 28.) Plaintiff was advised that the failure to timely respond would result in dismissal of the action for failure to obey a court order and failure to prosecute. (Id.) The twenty-one day deadline passed without Plaintiff either filing an amended complaint, stating his willingness to proceed only on cognizable claims, or otherwise responding to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and, "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissing for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

61 (9th Cir. 1992) (dismissing for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissing for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissing for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. With respect to the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use. Finally, the order to show cause warned Plaintiff that his failure to comply may result in dismissal, with prejudice. (ECF No. 26.) Thus, Plaintiff was on notice that his failure to communicate with the Court could result in dismissal of his complaint.

Based on the foregoing, it is HEREBY ORDERED THAT:

1. The action is DISMISSED, with prejudice, for failure to comply with the

3

Court's orders (ECF Nos. 16, 28) and failure to prosecute; and

2. The Clerk of Court is directed to terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated: June 27, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE