UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>I. CASTANEDA, et al.,<br><br>　　　　Defendants. | CASE No. 1:15-cv-01801-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 32)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 10.) No other parties have appeared in the action. Before the Court is Plaintiff's July 24, 2017 "Notice of Reconsideration." (ECF No. 32.)

**I.　Procedural History**

Plaintiff initiated this action on November 30, 2015. (ECF No. 1.) On August 8, 2016, the assigned District Judge screened Plaintiff's amended complaint and concluded that it stated cognizable Eighth Amendment excessive force claims against Defendants Castaneda, Press, and Sanchez. Plaintiff's other claims were dismissed for failure to state a cognizable claim – some with leave to amend and some without leave to amend.

The Court also dismissed certain defendants without leave to amend. (ECF No. 16.) The complaint itself was dismissed and Plaintiff was granted thirty (30) days to file a second amended complaint. (Id.)

Plaintiff proceeded to file four motions for extension of time to file a second amended complaint. (ECF Nos. 17, 19, 21, 24.) The motions were granted, but in granting the fourth motion, filed January 30, 2017 (ECF No. 24), the Court warned Plaintiff that further extensions of time were unlikely. (ECF No. 25.) Plaintiff was ordered to file an amended complaint but also was given the option of notifying the Court of his willingness to proceed only on the claims previously found cognizable. (Id.)

Plaintiff then failed to timely file a second amended complaint, notify the Court of his willingness to proceed only on the cognizable claims or otherwise respond to the Court's order. (Id.) Accordingly, on April 20, 2017, the Court issued an order to show cause for failure to obey a court order and failure to prosecute. (ECF No. 26.) Plaintiff then filed a fifth motion for extension of time on May 11, 2017. (ECF No. 27.) The Court denied the motion and ordered Plaintiff to, within twenty-one days, either file an amended complaint or advise the Court whether he wished to proceed on the excessive force claim previously found cognizable. (ECF No. 28.) Plaintiff was advised that the failure to timely respond would result in dismissal of the action for failure to obey a court order and failure to prosecute. (Id.) The twenty-one day deadline passed without Plaintiff either filing an amended complaint, stating his willingness to proceed only on cognizable claims, or otherwise responding to the Court's order. Accordingly, on June 28, 2017, the action was dismissed.

On July 24, 2017, Plaintiff filed a notice of appeal and, with it, a "Notice of Reconsideration."

**II.  Legal Standard**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn

2

Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Additionally, Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

**III.     Discussion**

Plaintiff's motion reiterates the arguments presented in his fifth motion for extension of time. (ECF No. 27.) These arguments have been considered and rejected by the Court. (ECF No. 28.) Plaintiff's only other argument is that his claim is meritorious and he is likely to prevail. However, this does not excuse his failure to comply with Court orders or his failure to prosecute this matter by either filing an amended complaint or electing to prosecute only the cognizable claim. He does not present a basis for

reconsideration or relief from judgment.

## IV. Conclusion and Order

Based on the foregoing, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated: September 12, 2017         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE