UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>I. CASTANEDA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:15-cv-01801-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN THE CASE TO A DISTRICT JUDGE |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. On June 28, 2017, the court dismissed this case for failure to obey a court order and failure to prosecute. (Doc. No. 29.) Plaintiff appealed this decision. (Doc. Nos. 32, 33.) The Ninth Circuit vacated and remanded (Doc. No. 41), relying on *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) (all parties, including unserved defendants, must consent in order for jurisdiction to vest with the magistrate judge under 28 U.S.C. § 636(c)(1)). In accordance with the Ninth Circuit's decision, the undersigned will recommend that the district judge presiding over this matter dismiss this action on the same grounds as previously asserted: failure to obey a court order and failure to prosecute.

**I.     Background**

Plaintiff initiated this action on November 30, 2015. (Doc. No. 1.) On August 8, 2016, a district judge screened plaintiff's amended complaint and concluded that it stated cognizable Eighth Amendment excessive force claims against defendants Castaneda, Press, and Sanchez. Plaintiff's other claims were dismissed for failure to state a cognizable claim—some with leave to amend and some without leave to amend. The court also dismissed some defendants without leave to amend. (Doc. No. 16.) The complaint itself was dismissed and plaintiff was granted thirty (30) days to file a second amended complaint. (*Id.*)

Plaintiff requested four extensions of time to file a second amended complaint. (Doc. Nos. 17, 19, 21, 24.) The motions were granted, but in granting the fourth motion, filed January 30, 2017 (Doc. No. 24), the court warned plaintiff that the court was unlikely to grant further extensions of time. (Doc. No. 25.) Plaintiff was ordered to file an amended complaint but also was given the option of notifying the court of his willingness to proceed only on the claims found cognizable. (*Id.*)

Plaintiff failed to timely file a second amended complaint, notify the court of his willingness to proceed only on the cognizable claims, or otherwise respond to the court's order. (*Id.*) Accordingly, on April 20, 2017, the court issued an order to show cause for failure to obey a court order and failure to prosecute. (Doc. No. 26.) Plaintiff then filed a fifth motion for extension of time on May 11, 2017. (Doc. No. 27.) The court denied the motion and ordered plaintiff, within twenty-one (21) days, either to file an amended complaint or to advise the court that he wished to proceed on the excessive force claim found cognizable. (Doc. No. 28.) The court advised plaintiff that failure to timely respond would result in dismissal of the action for failure to obey a court order and failure to prosecute. (*Id.*) The twenty-one-day deadline passed without plaintiff filing an amended complaint, stating his willingness to proceed only on cognizable claims, or otherwise responding to the court's order.

**II.    Legal Standard**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and, "in the exercise of that power, may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissing for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing for failure to comply with an order requiring amendment of a complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissing for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissing for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423-24; *Thompson*, 782 F.2d at 831.

**III. Analysis**

The factors guiding the court favor dismissal. The public's interest in expeditiously resolving this litigation and the court's interest in managing its docket are both served by dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is outweighed by the factors in favor of dismissal. With respect to the availability of lesser sanctions, at this stage in the proceedings the court has few viable alternatives to dismissal; plaintiff has not paid the filing fee for this

3

action and may be unable to pay, making monetary sanctions of little use.  Notably, the order to show cause warned plaintiff that his failure to comply may result in dismissal, with prejudice.  (Doc. No. 26.)  Thus, plaintiff was on notice that his failure to communicate with the court could result in dismissal of his complaint.

**Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendation**

The undersigned recommends that the presiding district judge dismiss the case with prejudice for plaintiff's failure to prosecute and failure to comply with court orders (Doc. Nos. 16, 28.).

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: July 26, 2018

UNITED STATES MAGISTRATE JUDGE

4